GEORGE PUTNAM, JR., *vs.* JOHN H. COLLAMORE & another.

A., who was executor of a will and trustee thereunder died, and B. was appointed administrator *de bonis non* with the will annexed, and trustee under the same. *Held*, that B. might maintain, against his *cestuis que trust* and a creditor of the testator who had sued him as administrator, a bill in equity asking for instructions as to whether money received from A.'s representatives was to be accounted for by him as administrator or as trustee.

A bill in equity, praying for instructions as to the administration of a trust created by will, is not demurrable on the ground that it does not set forth the whole will, if it does not appear that the part not set forth must necessarily affect the questions to be determined.

BILL IN EQUITY by George Putnam, Jr., administrator *de bonis non*, with the will annexed, of George W. Collamore, and trustee

under the said will, against John H. Collamore and the widow and children of the testator.

The bill alleged that Maria E. Ames died in 1845, leaving a will by which she devised real estate in trust for the benefit of the plaintiff's testator and of John H. Collamore and their heirs in equal shares; that John A. Andrew was trustee under this will, that the plaintiff's testator in 1847 executed a deed by which he conveyed an undivided half of certain real estate to Andrew in trust for John H. Collamore and his heirs, and in 1863 died seised of the other undivided half and also of other land, and leaving a will by which he gave all his real estate to Andrew upon certain trusts for the benefit of his widow and children, declared in the sixth, seventh and eighth clauses of the will, which were set forth in the bill.

The bill further alleged that Andrew was appointed executor of the will of George W. Collamore, and trustee under the same; that John H. Collamore brought a suit in equity against him on account of alleged maladministration as trustee under the will of Maria E. Ames and under the deed of George W. Collamore, and also brought a suit at law against him as executor of the will of George W. Collamore; that Andrew died in 1867, and the plaintiff was appointed administrator *de bonis non*, with the will annexed, of George W. Collamore, and trustee under the same, and also trustee under the will of Maria E. Ames of the estate devised by her for the benefit of George W. Collamore; that the plaintiff " appeared as administrator to defend said suit," which was still pending; that the " representative " of Andrew, after his death, rendered and settled his final account as executor of the will of George W. Collamore, and trustee thereunder, showing a balance, which was paid over to the plaintiff, and consisted wholly of rents of the real estate held by Andrew as trustee under the will of Maria E. Ames and George W. Collamore; that the plaintiff, as trustee as aforesaid, had since his appointment to the trusts received, as tenant in common with John H. Collamore, the rents of the undivided half of the estates held by the plaintiff under said trusts, and also the rents of the other land of which George W. Collamore died seised.

The bill also alleged that George W. Collamore left a widow and children; that John H. Collamore contended that the plaintiff should hold the sum received from the "representatives" of Andrew, as administrator and not as trustee, and should hold all the rents received by him "as a mere stakeholder, to abide the result of the litigation against him as administrator, and to satisfy any judgment which John H. Collamore might recover against the goods and estate of the testator in his hands." The prayer was for instructions as to this claim of John H. Collamore, and also as to the administration of the trusts under the will of George W. Collamore, which last it is not now material to state.

John H. Collamore demurred, on the grounds "that only a part of the will of said George W. Collamore is set forth in the bill;" "that the question whether the plaintiff is entitled to hold certain property as trustee, or as administrator, with the will annexed, cannot properly be inquired of in the present mode of proceeding;" "that the plaintiff's position, as set forth in the bill, does not entitle him to maintain such a bill," and generally for want of equity.

The case was reserved by *Colt*, J., on the bill and demurrer, for the consideration of the full court.

*C. A. Welch*, for John H. Collamore.

*G. Putnam, Jr., pro se.*

WELLS, J. It is not contended that this can be maintained as a bill of interpleader. It is brought under the rule allowing any one, acting under judicial appointment in charge of a trust, who is threatened with suits, or otherwise embarrassed with conflicting claims, to apply to this court for instructions in regard to the administration of the trust, and for protection therein. Not only parties making formal claims upon the trustee, adverse to each other, but all persons supposed to have an interest in the subject matter, or upon whom it is desired that the decision should be conclusive, may be brought before the court, that they may set forth their claims, or show cause against any disposition of the fund that may be proposed.

It is not necessary for the maintenance of the bill that the plaintiff should set forth all the facts upon which the claims of

the respective parties, thus brought in, may be finally determined. The principal requisites are: 1. The fiduciary possession of a fund, of which some disposition is required to be made presently. 2. Conflicting claims, or the probability that such may arise; 3. No adequate means of determining them otherwise, so as effectually to protect the trustee from the risks of future liability or controversy. If the interests claimed by some of the parties are contingent or indirect, such as the right to require the trustee to apply the fund or a part of it to the payment of debts not yet ascertained by judgment, there can be no other means of determining such rights, of which the trustee can presently avail himself. This mode of proceeding is especially adapted to relieve the trustee from embarrassments of that character.

In this case the bill sets forth that the plaintiff is acting in a twofold capacity under the will of George W. Collamore; one as administrator *de bonis non*, with the will annexed; the other as trustee for certain purposes named in the will; that a certain amount of money has come into his hands from the representative of a former trustee deceased who was also executor of the will; and that the settlement of the accounts of such former executor and trustee did not distinguish between the two trusts, so that he is unable now to determine with certainty to which of the two trusts the money rightfully belongs. The facts set forth in regard to the source from which the fund was derived, indicate that it should be held by him as trustee and not as administrator; but, as has been suggested in argument, they do not conclusively establish that result. The defendant, who now demurs, claims to be a creditor of George W. Collamore, and is now prosecuting a suit against the plaintiff to establish that demand. Whether he will ultimately prevail, and whether, if he should do so, the undoubted assets of the estate will be sufficient to satisfy the demand, cannot now be made certain. There is indeed no allegation of probable insufficiency of other assets. But it is alleged that this defendant claims that the money in question is held by the plaintiff as administrator and not as trustee, and to abide the result of his litigation against said estate. By his demurrer the defendant admits that he does make such claim upon the fund

This statement of the case, we think, sufficiently answers all the general grounds of the demurrer.

The special ground, that only a part of the will is set forth, and that the court cannot give instructions without considering the whole will, regarded as a matter of pleading merely, we think should not avail to defeat the bill. There may be a propriety always in presenting the whole will to the court at the hearing; and it would be required upon any suggestion of its necessity. But the will is of record, accessible at all times to any person in terested; and if any of its provisions, not disclosed by the bill, are supposed to affect the question of the rights of any party to the proceedings, they may be set out by way of answer. The plaintiff, in the outset, presents the questions in regard to which he desires instructions; and sets out such parts of the will as, in his view, give rise to those questions, and will enable the court, by means of the other facts disclosed or developed by the trial, to decide the questions thus presented. It is not ground of demurrer that the whole will is not set forth; unless at least it appears from what is set forth, or from the allegations of the bill, that other provisions of the will, not disclosed, must necessarily affect the questions to be determined. It does not so appear in this case.      *Demurrer overruled.*