THOMAS P. PROCTOR & another *vs.* LIZZIE V. HEYER & others.

Suffolk. March 28. — May 4, 1877. AMES & LORD, JJ., absent.

A trustee under a will, to whom the residue of the testator's property, after payment of debts and legacies, has been devised, cannot maintain a bill in equity for instructions as to the management of his trust, if no personal estate has been transferred to him by the executor, and the time allowed by law for the settlement of the estate has not expired, and it is uncertain whether the real estate will not be required for the payment of the debts and legacies.

If a trustee under a will is therein authorized to sell real estate, on such terms and in such manner, and at such time or times, as he may think most advisable, this court will not control his discretion in these respects, in the absence of evidence that he is likely to abuse his trust by an arbitrary or capricious exercise of authority.

BILL IN EQUITY, filed October 24, 1876, by Thomas P. Proctor and William W. Warren, trustees under the will of William A. Heyer, against the widow of the testator, his mother and children, to obtain the instructions of the court.

The will of the testator, which was dated March 7, 1874, and admitted to probate on August 28, 1876, after directing the payment of his debts and funeral expenses, and making certain specific bequests, gave, devised and bequeathed the remainder of

his estate, real, personal and mixed, to Thomas P. Proctor and Francis Jones, in trust for the following purposes:

" Firstly. To sell and convey all the real estate of which I shall die seised, and they are hereby authorized so to do, on such terms and in such manner, and at such time or times, as they may think most advisable, and to execute all instruments necessary to effect the same, and the purchasers shall not be liable for the application of the purchase money.

" Secondly. To invest the proceeds of said sales and all my personal estate as the same may be by them received, and also all the income derived from any estate, except such as hereinafter disposed of, in first mortgages on real estate.

" Thirdly. To set apart five thousand dollars invested as aforesaid, and pay the income thereof semiannually to my wife, Lizzie V. Heyer, upon the receipt of said Lizzie V. Heyer, so long as she may live.

" Fourthly. To set apart three thousand dollars, invested as aforesaid, and pay the income thereof semiannually to my mother, Rufina Heyer, of Boston, aforesaid, upon her receipt, so long as she may live.

" Fifthly. To divide all the said trust estate except the five thousand dollars and the three thousand dollars, set apart as aforesaid, which is to be divided in the same manner and be similarly disposed of upon the decease of the recipients of income thereof into as many equal parts as the number of my children, (including those who survive me and those who do not, but who have left issue who survive me,) and hold one of said parts for each of my children, and to pay, transfer and convey, after said division is made, one of said parts to the issue each of my said children who do not survive me, or the guardian thereof, and to pay to each of my sons who survive me during his minority the income of the part held for him, and upon his arriving at the age of twenty-one years to pay, transfer and convey to him said part, and if he does not arrive at that age, but leaves a child or children then upon his decease, to said child or children, but if he dies childless before arriving at that age then to his brothers and sisters then living. To pay semiannually to each of my daughters for and during her life, for her sole and separate use, and upon her sole receipt, the income of the part held for her as

aforesaid, and upon her decease, to pay, transfer and convey her said part to her children if any, but if not, then to her brothers and sisters, the children of any deceased brother or sister taking the parent's share. The said five thousand and three thousand dollars is to be divided, upon the death of the recipient of the income thereof and disposed of in the same way as the parts above mentioned."

The will appointed, as executors, the persons named as trustees; and gave no power to the executors to sell real estate. Jones declined the executorship and trusteeship, and the plaintiff Warren was appointed trustee in his place, and the plaintiff Proctor remained sole executor.

The instructions asked for were as to how soon the words "to sell" require the trustees to sell; and how far the words "at such time or times as they may think most advisable" modify the words "to sell;" and, if the trustees must sell within a reasonable time, what is a reasonable time in this case; and as to whether the trustees can sell the real estate subject to the liability of the executor to take the same to pay debs, and within two years, and before the estate is settled; and as to whether they can lease said real estate for a term of years, notwithstanding the direction to sell; and, if any sale should be made by them, and they should receive sufficient proceeds therefor, or receive sufficient money from the executor, as to whether the $5000 fund can be set apart for the benefit of said Lizzie V. Heyer, and the $3000 fund be set apart for the benefit of said Rufina Heyer and invested, before the whole estate is received by the trustees; and as to whether any income from rents of said real estate, received before sale, shall be paid to either of the beneficiaries, and when, or shall be added to the principal to be invested in first mortgages

At the hearing before *Colt*, J., it appeared that the estimated value of the real estate was about $145,000, and the mortgages thereon about $128,000; that the personal estate was appraised at $64,537.13; that the debts of the estate, so far as known, amounted to about $40,000; that the amount of the liabilities was uncertain, the testator having assumed certain mortgages on land, the value of which was not known; that the executor was unwilling to close the estate and transfer any personal property

to the trustees until the expiration of two years from his appointment; that the present time was unfavorable for the advantageous sale of said real estate, and that the same could be let to tenants at moderate rent; that Rufina Heyer was a widow, advanced in years, and dependent for support upon the income of the $3000; that it was for the interest of Rufina Heyer and Lizzie V. Heyer that the trust funds for their benefit, respectively, should be set apart as soon as possible; but that a delay in the sale of the real estate would probably be best for the interests of the other respondents, as by such delay more advantageous sales of the real estate might be made.

The case was reserved for the consideration of the full court.

*H. R. Brigham*, for the plaintiffs.

*C. P. Sampson*, for the mother and widow.

*S. J. Thomas & E. Tappan*, for the children.

COLT, J. The plaintiffs, trustees under the will of William A. Heyer, ask the direction of this court in the discharge of their trust. By the terms of the will, full power is given to them, as trustees, to sell the real estate devised " on such terms and in such manner, and at such time or times, as they may think most advisable." From the proceeds of the estate they are required to set apart funds for the benefit of the testator's wife and mother, the incomes of which are to be paid to them, respectively, during life. The whole estate goes ultimately to the children and heirs at law.

The estate is still unsettled in the hands of the executor. The two years given to creditors for bringing actions, and within which legatees can only obtain payment by giving bonds of indemnity, have not expired. Gen. Sts. *c.* 97, §§ 5, 21. On account of mortgages assumed by the testator on land, the value of which is unknown, the liabilities of the estate are yet uncertain, and the executor is unwilling to close his administration and surrender the estate.

To these requests for instructions, the first answer is that it does not yet appear that there will be any estate remaining for the trustees after payment of debts, with reference to which the questions suggested can arise. There is no fund which they can be said yet to hold as trustees, in the administration of which these questions have arisen.

The other answer is, that there is no question of law here presented to the court. The questions relate to the administration of a trust, in respect to matters which the testator has expressly confided to the wise discretion of trustees selected by himself. There is no suggestion, from any quarter, that they are likely to abuse that trust, by an arbitrary or capricious exercise of authority. The judgment of this court cannot be substituted for the discretion of the trustees, reasonably and fairly exercised. *Amory* v. *Green*, 13 Allen, 413. *Walker* v. *Shore*, 19 Ves. 387, 392.                    *Bill dismissed, with costs.*