JOHN MULDOON, administrator, *vs.* MARGARET MULDOON & others.

Suffolk. January 17; March 30. — June 27, 1882.

An administrator cannot maintain a bill in equity to obtain the instructions of this court as to the distribution of the proceeds of real estate, sold by him under a license from the Probate Court, until the surplus remaining on the final settlement of his accounts in that court has been ascertained.

FIELD, J. Owen Muldoon died intestate, September 29, 1880, leaving no issue. This bill in equity was filed, March 16, 1881, by the administrator of his estate, who is also one of the heirs at law, asking for instructions as to the distribution between the widow and the heirs at law of the proceeds arising from the sale of the land of the intestate, and remaining after the payment of a debt secured by a mortgage upon the land. The sale was made by the administrator pursuant to a decree of the Probate Court; and the widow joined in the sale and conveyance,

" without prejudice however to her rights in the proceeds of the sale," and the whole purchase money was paid to the administrator. It must be assumed that the administrator was authorized to sell the whole of the land of his intestate, pursuant to the Gen. Sts. c. 102, § 4.

The result of such a sale is to pass the title to the purchaser of the whole interest in the land which the law authorizes an administrator to sell, and to leave the proceeds remaining after paying the debts of the estate to be distributed according to law. Gen. Sts. c. 102, §§ 6, 44. In this case, the sale was made before the time had expired within which the widow must elect to take dower, and hence it was then uncertain whether she would so elect, or would claim the estate in lieu of dower given by the Gen. Sts. c. 90, §§ 15, 16.

It was further considered uncertain what would be her rights in the land, if she failed to elect to take dower and claimed an estate in lieu of dower. See St. 1880, c. 211. It was for these reasons that the widow joined in the conveyance.

It thus appears that the rights and duties of the administrator are to be determined partly by his position as an administrator holding for distribution the proceeds of a sale of land made in pursuance of a decree of the Probate Court, and partly by his relations by contract with the widow.

In so far as he holds the proceeds simply as administrator, the question of their distribution is for the determination of the Probate Court, and any legal questions involved can come before this court on appeal. *Loring* v. *Steineman*, 1 Met. 204. *Atherton* v. *Corliss*, 101 Mass. 40. *White* v. *Weatherbee*, 126 Mass. 450. *Pierce* v. *Prescott*, 128 Mass. 140. Indeed, it is one of the conditions of the bond of an administrator that he shall " pay any balance remaining in his hands, upon the settlement of his accounts, to such persons as the Probate Court shall direct." Gen. Sts. c. 94, § 2. If the rights and duties of the administrator as such are in any way affected by his agreement with the widow above recited, this gives no ground for a bill for instructions, since the question of the effect of that agreement in determining the proper distribution of the proceeds of the sale is properly cognizable by the Probate Court, and may be brought before this court by appeal.

In so far as the administrator has brought himself under personal obligations to the widow by a personal contract with her, and by receiving property in his personal capacity which may belong to her, the amount of which is uncertain by reason of the uncertainty of the law, there is no ground for a bill for instructions, as the obligations have been voluntarily assumed by the administrator in his personal capacity, and are in no way incidental to the performance of his duties as administrator. See *Sprague* v. *West*, 127 Mass. 471.

It is unnecessary to determine whether a bill in equity in this court by an administrator praying for instructions as to the distribution of the assets of an intestate estate can under any circumstances be maintained. Such a bill was entertained in *Bigelow* v. *Morong*, 103 Mass. 287, but the question of jurisdiction was not raised or considered. In that case, it does not appear that the administrator had personally any interest in the fund to be distributed, or that he had not finally settled his accounts in the Probate Court.

In *Stevens* v. *Warren*, 101 Mass. 564, the administrator held the proceeds of a policy of life insurance, which were assets in his hands for the benefit of one defendant as next of kin, unless the other defendant was entitled to receive these proceeds by virtue of an assignment of the policy made in the lifetime of the assured. It was a suit, not for the determination of the proper distribution of the assets of the estate, but for the determination of what were assets and what were not. The court say that the plaintiff " is not only liable to be harassed by conflicting claims ; but exposed to the risk of being required to settle his accounts, and distribute or pay over the fund as administrator, before his liability to the other claimant is brought to a determination at law. The settlement of the estate is liable to be delayed by reason of a dispute affecting a considerable portion of the supposed assets. In such a case the administrator may properly ask the direction and protection of the court," and *Dimmock* v. *Bixby*, 20 Pick. 368, and *Treadwell* v. *Cordis*, 5 Gray, 341, are cited. From the opinion it is to be inferred that the policy was payable to the assured, who was the intestate, and to his personal representatives, and that the administrator was the person who in law was entitled to receive the amount of the insurance.

'Whether he held the money so received as assets of the estate, or for the benefit of the assignee, depended upon the validity of the assignment.

*Dimmock* v. *Bixby, ubi supra*, was a bill in equity brought by trustees praying the direction of the court in the execution of a trust.

*Treadwell* v. *Cordis, ubi supra*, was a bill in equity brought by executors asking the direction of the court in the execution of trusts arising under a will.

In *Putnam* v. *Collamore*, 109 Mass. 509, which was a bill in equity for instructions, brought by an administrator *de bonis non* with the will annexed, who was also trustee under the will, the court say, in reference to the ground on which such a bill can be maintained, that " The principal requisites are : 1. The fiduciary possession of a fund, of which some disposition is required to be made presently; 2. Conflicting claims, or the probability that such may arise ; 3. No adequate means of determining them otherwise, so as effectually to protect the trustee from the risks of further liability or controversy."

The jurisdiction of this court as a court of equity over bills brought for instructions in regard to the execution of trusts, is undoubted; but in the case at bar, so far as the administrator holds funds derived from a sale of the real estate of the intestate made by him under the decree of the Probate Court, he does not hold them under any trust strictly so called, but he holds them to be disposed of in accordance with the general laws of the Commonwealth ; and the settlement of his accounts and a decree of distribution in the Probate Court will determine all the conflicting claims to such funds that have arisen, or may hereafter arise, and effectually protect him from the risks of future liability.

Our statutes have established an elaborate system of procedure for the administration of the estates of deceased persons. The jurisdiction is in the probate courts. The statutes confer on those courts authority to determine all claims to a distributive share in the assets of an intestate estate. " The Supreme Judicial Court shall be the supreme court of probate, and have appellate jurisdiction of all matters determinable by the probate courts and the judges thereof, except in cases in which other

provisions are specially made." Gen. Sts. *c.* 117, § 7. Pub. Sts. *c.* 156, § 5.

This court is not a court of probate of original jurisdiction. The superintending and revising power of this court over probate courts is by appeal. *Peters* v. *Peters*, 8 Cush. 529.

Without deciding the question, which was not raised or considered in *Bigelow* v. *Morong, ubi supra*, namely, whether a bill in equity can under any circumstances be maintained by an administrator for the purpose of obtaining the instructions of this court as to the distribution of the assets of the estate of his intestate, we must hold that, in reference to the proceeds of real estate sold by an administrator under a license from the Probate Court, no such bill can be maintained before the accounts of the administrator have been finally settled in the Probate Court, and " the surplus of the proceeds remaining on the final settlement of the accounts " has been ascertained. See Gen. Sts. *c.* 102, § 44. Until that is done, the amount of the fund to be distributed is uncertain. See *Proctor* v. *Heyer*, 122 Mass. 525.

Without expressing any opinion upon the rights of the different parties respondent in this case, the

*Bill must be dismissed.*

The case was argued at the bar in January 1882, and was afterwards submitted on briefs to all the judges.

*J. A. Maxwell*, for the heirs at law.

*J. Willard*, (*C. Steere* with him,) for the widow.