DANIEL WILBUR, administrator, *vs.* HARRIET MAXAM & others.

Bristol. Oct. 26. — Nov. 25, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

An executor of a will, by which the testator gives to his daughter H. certain real and personal property absolutely, and the rest and residue of his property for the support of his daughter C., cannot maintain a bill in equity to obtain the instructions of the court, if the only conflict between the persons interested in the estate, and the only question presented by the bill, is whether, at the death of C., the property is to belong to H., or is to be divided among the heirs at law of the testator.

MORTON, C. J. This is a bill in equity by the administrator, with the will annexed, of the estate of Borden C. Tallman, seeking to obtain the instructions of the court as to the construction of the will.

Such a bill may be maintained by an executor or administrator where he has funds in his hands, and, by reason of obscurity

in the will, conflicting claims are made upon him which affect his present duty and throw an obstacle in the way of his executing the will. *Putnam* v. *Collamore*, 109 Mass. 509. *Bradford* v. *Forbes*, 9 Allen, 365.

The clause of the will, as to which the administrator seeks instruction, is as follows: "To my daughter Harriet I give my half of the farm, together with produce, stock and farming implements thereon, and the rest and residue of all my property, whether real or personal, of whatsoever name or nature, for the support of my daughter Caroline E., except the following legacies."

So far as the real estate is concerned, Harriet takes it by force of the devise; the administrator has no title or interest in it, or duty in reference to it, and therefore cannot maintain a bill for instructions as to the construction or effect of the devise. *Parker* v. *Parker*, 119 Mass. 478. *Sprague* v. *West*, 127 Mass. 471.

In regard to the personal property, the bill alleges, and the report finds, that Phebe A. I. Buffinton, a daughter of the testator, contends that it is given to said Harriet, to be held by her during the life of said Caroline, for the support of said Caroline, and that, after the decease of said Caroline, it is to be equally divided among the heirs at law of said testator; and that the said Harriet contends that it is given to her for the support of said Caroline during the life of said Caroline, and that, after the decease of said Caroline, it is to be the absolute property of said Harriet.

It is clear that there is no conflict of claims here stated which affects the present or the future duties of the administrator. The only conflict between the parties, and the only question presented to us by the bill, is whether, at the death of Caroline, the property is to belong to Harriet, or is to be divided among the heirs at law of the testator.

The administrator has no interest in this question. Whether Harriet will hold the fund, after he has paid it over to her, as trustee for Caroline during her life and for the heirs of the testator at her decease, whether she shall give bonds as such trustee, and whether she holds the real estate in fee, or upon a qualified tenure, or in trust, are questions in which he has no concern, and which cannot be settled under this bill. The parties interested in them must seek other and appropriate remedies.

We are therefore of opinion that this bill cannot be maintained.                                                           *Bill dismissed.*

*J. M. Morton & A. J. Jennings,* for the plaintiff.

*H. K. Braley,* for the first-named defendant.

*J. Brown & J. M. Wood,* for the other defendants.