GEORGE E. BULLARD & another vs. ATTORNEY GENERAL
& others.

HARRIET S. WINSLOW & others vs. ATTORNEY GENERAL
& others.

Suffolk.    November 21, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Probate Bond — Jurisdiction of Probate Court — Instructions to Trustee.*

The questions whether trustees under a will shall give bonds payable to the judge
of probate under the Pub. Sts. c. 141, and perform the other duties required of
trustees who are obliged to give such bonds, are primarily for the Probate
Court; and a bill in equity will not lie to obtain the instructions of this court
concerning them.

A trustee cannot maintain a bill in equity to obtain the instructions of the court
as to the distribution of a trust fund, before it is paid over to him.

TWO BILLS IN EQUITY for instructions.   The plaintiffs in the
first case were the executors and trustees under the will of Mrs.
Mary D. Whitney, and the defendants were the Attorney Gen-
eral and the sisters of the testatrix.   The plaintiffs in the second
case were such sisters, and the defendants were the Attorney
General and the executors and trustees.   The cases were heard
by *Knowlton,* J., and reserved for the consideration of the full
court, and appear in the opinion.

*H. E. Ware,* for the executors and trustees.

*J. Woodbury,* for the sisters.

*H. C. Bliss,* First Assistant Attorney General, for the Com-
monwealth.

BY THE COURT.   The following opinion was written by Mr.
Justice DEVENS, and after his death was adopted as the opinion
of the court by the Justices who sat with him at the argument.

The first of these bills is one for instructions, brought by the
executors and trustees under the will of Mrs. Mary D. Whitney,
which in its fourteenth clause provided for the formation of a
fund from the residue of her estate, after the distribution and
division had been made of a portion of the estate as specially
directed.   By the will, this fund was " to be well invested, the
income from which I desire my sisters to apply to the relief

and comfort of the poor and unfortunate whom we have aided in past years, and also to others as their judgment may dictate." The residue is a considerable property, and by a decree heretofore made upon a bill brought by the plaintiffs against Seth Chandler and others, (see *Bullard* v. *Chandler*, 149 Mass. 532,) these executors and trustees were ordered to invest this residuary fund, and pay the net income to the sisters of the testatrix, who are the individual defendants in this bill, to be received by said sisters and by them to be applied to the relief and comfort of the poor and unfortunate in conformity with the direction of the will. The plaintiffs inquire whether it is their duty, as trustees aforesaid, to give bonds payable to the judge of the Probate Court by chapter 141 of the Public Statutes; and also whether they ought to perform the other duties and render the accounts required by law of trustees who are required to give such bonds.

The instruction thus requested is not as to the duty of trustees who in the administration of a trust estate find themselves embarrassed by difficulties. The principal requisites for a bill for instructions have often been said to be the possession of a fiduciary fund of which some disposition is necessarily to be made presently; conflicting claims, or the probability thereof; and the existence of no other means of determining rights or demands so as to protect a trustee from the risks of future liability or controversy. *Putnam* v. *Collamore*, 109 Mass. 509. *Muldoon* v. *Muldoon*, 133 Mass. 111. The question proposed by the bill is rather an inquiry how the Probate Court shall perform its duty, and what burdens or securities it shall impose on the trustees. In *Muldoon* v. *Muldoon* it was held that an administrator could not maintain a bill for instructions as to the distribution of the proceeds of real estate sold by him under license from the Probate Court, until the surplus remaining on the final settlement of his accounts in that court had been ascertained. It was there said, "The settlement of his accounts and a decree of distribution in the Probate Court will determine all the conflicting claims to such funds that have arisen, or may hereafter arise, and effectually protect him from the risks of future liability." The superintending and revising power over the probate courts is with this court as the Supreme Court

of Probate. It would embarrass them in the performance of their important functions, if we undertook to deal in advance, by bills for instructions or proceedings of like nature, with matters within their province and strictly confided to them. Section 12 of the Pub. Sts. c. 141, provides that every trustee under a will, before entering upon the duties of his trust, shall, except when it is otherwise specially provided by law, give bond, with surety or sureties in such sum as the Probate Court for the county in which the will is proved, etc. shall order. This section and the sections that follow place the inquiry of the plaintiffs entirely within the jurisdiction of the Probate Court. It is for that court to decide, in the first instance, whether the provisions of chapter 141 apply to the plaintiffs, and the extent of their application, both as to the giving of bonds and as to the other duties, if given, which as trustees they may be required to perform. We are of opinion that this bill should be dismissed.

The second bill is brought by the sisters of Mrs. Whitney, to whom the income of the residuary fund held by the trustees is to be paid, and who are to disburse it in charity. The first inquiry is for instructions as to their duty to give bonds to the judge of probate according to the Pub. Sts. c. 141, and, if so, whether they are by the terms of the will exempt from giving bonds. The remarks already made show decisively that instructions upon this point should not be given. When the first class of trustees are ready to pay over income to the sisters who are to act as the almoners of the charity of the testatrix, it will be for the Probate Court to determine what bonds it may properly demand of them, if any, under the statute, — whether they shall be wholly relieved therefrom, or what shall be the character of their obligations, if the court shall determine that they are to be placed under any in the expenditure of the fund.

The second inquiry in the second bill is as to the mode in which the plaintiffs shall administer the fund when they receive it. This question is premature. However reasonable may be the expectation of the plaintiffs that they will receive a considerable sum as the income of the residuary fund, until they do receive it they cannot ask how it shall be dealt with. When the fund is in their hands, their immediate duties arise, but not until then. The court has often declined to give instructions as

to what disposition shall be made of a fund on the occurrence of a future event, even when it was certain that the event must occur. *Bullard* v. *Chandler*, 149 Mass. 532. The second bill must also be dismissed.          *Bills dismissed.*