NEWBERT J. HALL, executor, vs. CHARLES F. COGSWELL
& others.

Norfolk.   April 2, 1903. — June 17, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, Bill for instructions.  *Devise and Legacy*, Construction.
*Equity Pleading and Practice*, Parties.

An executor cannot maintain a bill for instructions as to what his duties will be
upon the happening of a future event.

An executor has nothing to do with a legacy to be paid out of the proceeds from
the sale of real estate devised by the will, that being a charge on the real estate.
This is not changed by a provision that the legacy shall be received "from my
estate or my said executors," if the executors are the persons to whom the real
estate is devised.

A testator devised his real estate to two persons, and having provided for the use
of a certain portion of his real estate for five years and thereafter for its sale
and the disposition of the proceeds, and having given his furniture to the two
devisees, provided that "the whole of the remaining estate" should go to the
survivor of the two devisees. It appeared that there was "a small amount of
personal property" other than furniture. *Held*, that the executor should retain
the personal property other than furniture until the death of one of the devisees,
and then deliver it to the survivor. Whether the testator died intestate as to
the income of this small amount of property or whether the income was to be
accumulated for the benefit of the survivor of the devisees under the provision
that "the whole of the remaining" property was to go to the survivor, *quære*.

Whether, in a bill by an executor for instructions, joining the next of kin as a
defendant in the capacity of a legatee makes him a party as the only next of kin
if it does not appear by the record that he is such, *quære*.

LORING, J.  This is a bill by the executor of the will of
Hannah Etta Cogswell, brought under R. L. c. 162, § 5, asking
instructions as to his duties as executor, and reserved for our
consideration on bill and answers.

The bill alleges that the will has been duly admitted to pro-
bate, that the plaintiff "is the executor," and that he duly
qualified as such on July 25, 1900. The estate of the testator
consists of three parcels of real estate situated in Brookline, and
"a small amount of personal property." The real estate consists
of three parcels, 9 and 11 Centre Street, and 1356 Beacon Street.
The assessed valuation of the Beacon Street estate is $7,500,
and that of 9 and 11 Centre Street, not given separately, is

$32,000. We assume that the debts are paid, although there is no allegation to that effect in the bill and answers.

The article of the will referred to in the questions set forth in the bill is as follows: " Item. I give and bequeath unto the said Dr. Charles F. Cogswell and the said Dr. Newbert J. Hall, their heirs and assigns in fee simple, all my real estate wherever or however the same may be situated; but I limit and restrict the sale and conveyance and transfer of the dwelling houses numbered nine (' 9 ') and eleven (' 11 ') Centre Street, in said Brookline, until the elapsing of five years after my decease; also, that all the furniture in dwelling No. ' 9 ' shall go with the said dwelling in the bequest; also that dwelling numbered nine (' 9 ') together with the furniture therein shall be used, occupied and enjoyed as and for a home for said Dr. Charles F. Cogswell, Dr. Newbert J. Hall, Helen R. Robinson and her son John Brooks Robinson, so long as said Dr. Cogswell and Dr. Hall shall own the same; also that whenever said dwellings shall be sold, that out of the proceeds of such sale, the said Dr. Charles F. Cogswell shall be paid and receive from my estate or my said executors the sum of six thousand dollars without limit, qualification, or restriction, as his sole and separate property; and direct and will that the balance of the money or estate remaining from the sale of said dwelling houses shall be invested in suitable and profitable real estate in said Brookline or in the city of Boston, in our County of Suffolk and that such part or portion of the said real estate as may be fit and proper is to be had, used, occupied and enjoyed as and for a home as and for said Dr. Charles F. Cogswell, Dr. Hall, Helen R. Robinson and John Brooks Robinson. I also direct and will that the said Dr. Cogswell shall pay unto the said Dr. Hall during his natural life one-third of the net income of the premises now numbered ' 1356 ' on Beacon Street, in said Brookline, and at this date occupied by one J. A. Purrington; and I also direct and request that the said Dr. Hall and the said Dr. Cogswell see to it that the said Helen R. Robinson be suitably and comfortably maintained during her natural life. And I also direct and will that upon the decease of either said Dr. Cogswell or Dr. Hall the whole of the remaining estate either real, personal or mixed then shall descend to the survivor of them discharged of all limita-

tions, conditions, restrictions and free in full fee simple to the said survivor."

Thirteen questions are put forward in the bill. Many of them relate to the rights of several persons named in the will in case certain things happen which have not happened. With those questions we have nothing to do. This court does not sit for the discussion of moot questions. *Proctor* v. *Heyer*, 122. Mass. 525. *Muldoon* v. *Muldoon*, 133 Mass. 111. *Bullard* v. *Chandler*, 149 Mass. 532. *Bullard* v. *Attorney General*, 153 Mass. 249.

Many of the questions are put in a way which is not altogether intelligible. We shall pass upon such matters as the present duties of the executor require that he should be instructed upon, whether they are specifically covered by the questions asked or not.

1. The real estate is devised to the plaintiff and the defendant Cogswell. The plaintiff, who is the executor and the sole executor, has nothing to do with it.

2. The furniture in 9 Centre Street should be delivered to the plaintiff and the defendant Cogswell, as it goes with the house 9 Centre Street, which was included in the devise to them of all the real estate.

3. The $6,000 given to the defendant Cogswell "out of the proceeds" of a sale of 9 and 11 Centre Street, whenever those estates are sold, is a matter with which the plaintiff has nothing to do. It is indeed provided that this $6,000 is to be received "from my estate or my said executors." But in view of the fact that Cogswell and Hall, the persons to whom the houses numbered 9 and 11 Centre Street were devised, as part of the real estate of the testatrix, were named as executors, although Hall only has been appointed such, we are of opinion that this clause does not override the provision that the money is to be paid "out of the proceeds of such sale," and that this clause creates a trust or a charge on these two houses in favor of the defendant Cogswell, with which the executor has nothing to do.

4. The personal property other than the furniture must be held by the executor until the death of the plaintiff or of the defendant Cogswell, and then delivered to the survivor of them under the last clause of this item of the will. It is not plain

whether the testatrix died intestate as to the income of the "small amount of personal property." She did unless the income was to be accumulated for the benefit of the survivor of Cogswell and Hall under the provision that "the whole of the remaining" personal property is to go to the survivor.

The next of kin do not appear to have been made parties. It is stated in one of the briefs that the defendant Cogswell is the son and only heir at law of the testatrix, but there is no allegation to that effect in the record and he is made defendant as a "legatee." We do not express a final opinion on this point.

> *Decree accordingly; costs to the parties as between solicitor and client, to be settled by a single justice.*

*M. S. Coggan*, for the executor.

*E. C. Bumpus, F. E. H. Gary & J. B. Sullivan, Jr.*, for Charles F. Cogswell.

*J. W. Pettengill & M. Coggan*, for Helen R. and John B. Robinson.