ABBOT ALLEN & another, executors, *vs.* WILLIAM H. ALLEN.
ABBOT ALLEN & another, trustees, *vs.* SAME.

Middlesex. January 27, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Trust,* What constitutes. *Devise and Legacy,* Designation of trustee. *Equity Jurisdiction,* Bill for instructions. *Probate Court.*

A will provided that three sons of the testator should be executors. A seventh paragraph contained a provision that, "except as hereinafter provided, I give, devise, bequeath and appoint to" two of the sons "the management and control" of the residue of the estate "together with the income thereof . . . for a term of ten years" or until the death of the survivor of such two sons, each of them to receive a certain sum and a certain portion of the net profits of the management for his services, $12 each week to be paid to the third son, and the rest of the net profits to be used in reducing the indebtedness of the estate. At the end of the ten years or upon the death of the survivor of the two sons so named, the estate was to be divided among the three sons and a daughter of the testator or their issue by right of representation, the interest of the third son, according to a ninth paragraph, to be held in trust by his brothers as trustees. The eighth paragraph gave a majority of the executors power at their

discretion within the ten years to sell any and all of the property included in the residue and to use the proceeds to pay off incumbrances or for investment, paying the income to the trustees mentioned in the preceding paragraph. *Held*, that the provisions of the seventh paragraph constituted a trust, even though the word "trust" was not used, and that it did not appear that the third son was intended to be a co-trustee with the two therein named.

An executor cannot maintain a bill for instructions as to what his duties will be upon the happening of a future event.

Where, in a suit in equity in the Probate Court by three executors of a will for instructions, all parties interested are before the court, and one question upon which instructions are sought is whether on a proper interpretation of one paragraph of the will all of the executors or only two of them were named as trustees, it is proper for the court, having determined that the testator intended that only two of the executors should be appointed trustees, to entertain and to grant, without the issuance of a further citation, a petition for the appointment of such trustees.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on June 23, 1913, and afterwards amended, by the executors of the will of William H. Allen, late of Arlington, for instructions; also

APPEAL from a decree of the Probate Court appointing Abbot Allen and Herbert F. Allen trustees under the same will.

The will was dated December 23, 1909. Material portions of it were as follows:

"Third. I nominate and appoint my sons Abbott Allen, William H. Allen, and Herbert F. Allen the executors of this my will, and request that no surety or sureties be required upon their official bonds as such executors. I direct that each of said executors shall be responsible only for his own willful default or misdoing."

"Seventh. Except as hereinafter provided, I give, devise, bequeath and appoint to my said sons Abbott Allen and Herbert F. Allen, the management and control of all the rest and residue of the property, both real and personal, of which I shall die seized or possessed, or to which I shall be in any way entitled, or over which I shall have any power of appointment at the time of my decease, together with the income thereof, and the proceeds, avails, and profits of the farming business to be carried on by them upon said real estate for a term of ten years from my decease, subject, however, during said term, to the payment by them of all interest on mortgages on said property, and all taxes and assessments on

said property, and all necessary or reasonable repairs thereon and all necessary or proper expenses of maintaining and carrying on said business, and to the keeping by them of said property in as good condition and substantially the same as it shall be at the time of my decease, and reasonably insured against fire for the benefit of my estate, and also subject to the payment by said Abbott and Herbert F. of twelve dollars (12) per week to my son William H. Allen, Jr. during said term of ten years, or until distribution of said property as hereinafter provided, if he shall so long live. And during said term of ten years or until said final distribution, said Abbott Allen shall receive as compensation for his services the sum of twenty-five hundred dollars ($2500) annually and shall have the use, rent free, of my house No. 339 Massachusetts Avenue, Arlington, and said Herbert F. Allen shall receive as compensation for his services the sum of two thousand dollars ($2000) annually and the use, rent free, of my house No. 32 Lake Street, Arlington, where he now lives, and each of them shall further receive as part of his compensation for his said services, one sixth of all the net profits accruing and arising from said rest and residue, and from the carrying on of the farming business as aforesaid. Out of the income of my real estate, and out of the receipts and earnings of my farming business, they may make all necessary improvements, subject to the approval of a majority of my executors. The expenses of such improvements shall be deducted in determining the net profits. The remainder of the net profits, after the payment out of said net profits of one sixth of the total amount thereof to each said Abbott Allen and Herbert F. Allen as hereinbefore provided, shall be paid and applied annually, or as nearly annually as may be advantageous to the reduction and satisfaction of my indebtedness, whether mortgage or otherwise, existing at the time of my decease, or such other indebtedness as may be created as hereinbefore provided in lieu of indebtedness existing at my decease. The net profits of my property and estate mentioned in this seventh paragraph of my will, and of the farming business to be carried on as therein provided, shall be ascertained and determined annually, beginning with the time of my decease.

"Should the said Abbott Allen or Herbert F. Allen die before the expiration of said term of ten years the survivor shall, subject to all the provisions aforesaid, have all the rights and powers of

management and control of said property, real and personal hereinbefore given to both, but such survivor shall not be entitled to any increase of his compensation. From and after the death of said Abbott or Herbert F. during said term of ten years, the sum of fifty dollars per month shall be paid to his widow for the benefit of herself and her issue, if any, or to the guardian of such issue if no widow shall survive him.

"At the expiration of said term of ten years, or at the decease of the survivor of said Abbott and Herbert F., should both die before the expiration of said term of ten years, I give, devise and bequeath all said rest and residue to my four children as follows: To Abbott Allen, four tenths thereof, to Herbert F. Allen three tenths thereof, to William H. Allen Jr. two tenths thereof, and to Edith L. Horton one tenth thereof as their absolute property, the issue then living of any one of them who shall then have deceased, to take by right of representation, the same share which their parent would have taken if then living, except that the share which said William H. Allen, Jr. would then receive, I give the same and the same shall be held in trust for his benefit and otherwise, as provided hereafter in the ninth paragraph of this my will.

"Eighth. A majority of said executors shall have full power and authority at their discretion at any time during said term of ten years to sell any and all of said property, real or personal, included within said rest and residue mentioned in the foregoing seventh paragraph, at public auction or private sale, at their discretion without responsibility on the part of any purchaser for the application of the purchase money, and with the proceeds thereof, to pay off encumbrances upon said property, or to invest or reinvest the proceeds at their discretion, and the net income from the investments of the proceeds from the sale thereof, until the time appointed for distribution in said paragraph seven, shall be paid over to said Abbott Allen and Herbert F. Allen, or the survivor of them so long as they are respectively entitled to the income of the rest and residue of my property under the provisions of said paragraph seven, to be by them held subject to the said terms as other income received by them under the provisions of this will. A majority of said executors shall also have full power and authority to extend any mortgage or mortgages on said

property at the time of my decease, or to substitute for such mortgage or mortgages, mortgage or mortgages of an equivalent total amount.

"Ninth. The share, interest and portion, which but for the provisions of this ninth paragraph, my son William H. Allen, Jr. would be entitled to receive under the seventh paragraph of this will, I give, devise and bequeath to Abbott Allen and Herbert F. Allen, Trustees, in trust for the following uses and purposes, and not otherwise, — to hold, manage, invest and reinvest the same, and pay over to my said son William H. Allen Jr. the net income thereof once every quarter, or oftener if they shall deem it advisable during his natural life. I authorize my trustees, in their discretion, to withhold such income from him in whole or in part, and expend the same in whole or in part, in the same manner as they are hereinafter authorized to pay, or to pay and expend, portions of the principal of the trust fund. I authorize and empower my trustees to pay at any time, and from time to time, in their discretion, to my said son William H. Allen, Jr., or to pay to, or to pay and expend for the benefit of his children, or any of them, or of any wife of his during his life time, such part or parts of the principal of said trust fund or estate as they shall deem advisable. I direct that no income or principal at any time, payable to my said son William H. Allen, Jr. under any and all the provisions of this will, shall be alienable by assignment or by any other method or subject to attachment, levy or seizure, or to any other legal proceeding by, or in behalf of any creditor or creditors prior to its actual receipt by him; nor shall the same pass in any event to his assignee or trustee under any trust deed that may be executed by him, or under any insolvent or bankrupt law, state or national. Upon the decease of my said son William H. Allen, Jr., I give, devise and bequeath all the trust property and estate held by my trustees under this ninth paragraph of my will, to the issue, if any then living, of my said son William H. Allen, Jr., and in default of issue surviving him, I give, devise and bequeath the same to my heirs at law, who are to be determined as of the day of my said son's death, whether said estate be real or personal. I authorize and empower my trustees to sell, in their discretion, at public or private sale, any part, parts or whole of the trust property and estate held by them under the trusts of this paragraph, and to exe-

cute and deliver good and sufficient deeds and other instruments necessary to transfer and convey the same without any liability or duty on the part of any purchaser or purchasers to see to the application of the purchase money.

"The words 'my Trustees' shall be held and taken to include and mean the trustees for the time being hereunder.

"I request that the trustees named in this ninth paragraph of my will, be exempt from giving any surety or sureties on their bonds as such trustees.

"If under the final distribution of my estate as provided in the seventh paragraph of this my will any one of my children shall then have deceased leaving no issue surviving him or her, I give his or her share to my other surviving children equally, the issue then living of any deceased child to take the same share which such deceased child would have taken if living."

The bill as amended sought instructions on the following matters:

"1. Whether the provisions of the seventh paragraph of said will constitute the said Abbot Allen and Herbert F. Allen trustees with the duties and powers therein set forth, or whether they are given individually an estate for the period therein limited on the terms therein set forth.

"2. Whether the legal title to the testator's residuary estate is vested in said Abbot Allen and Herbert F. Allen during the period specified in said seventh paragraph, either as trustees under an implied trust, or as individuals; and whether this court has power to authorize the said Abbot and Herbert F. Allen, if said trustees, to sell any part of the same.

"3. Whether under the ·eighth paragraph of said will the legal title to said residuary estate is vested in your petitioners and the said William H. Allen as executors during the period therein specified, or whether they have merely the power of sale therein specified.

"4. Whether the signatures of only two of said executors to any instrument of conveyance, extension, or substitution, under said paragraph eight, are sufficient.

"5. Whether your petitioners and the said William H. Allen are to continue to act as executors for the period of ten years, or until the death of said Abbot and Herbert F. Allen under the provisions

of said will, or whether they shall cease to act as such executors upon the settlement of said estate in the usual manner.

"6. What interest does William H. Allen, son of the testator, take under the seventh and eighth clauses of said will?

"7. What duties are imposed upon William H. Allen, son of the testator, by the seventh and eighth clauses of said will?

"8. In whom and upon what terms is the title to the testator's residuary estate vested?

"9. Who are the persons designated by the words, 'A majority of my executors'?

"10. Is the estate of the said William H. Allen, deceased, to be settled by the executors in the usual manner and to whom is the residuary estate to be transferred by the executors upon the settlement thereof?"

The case was heard in the Probate Court by *McIntire, J.*, who signed a decree, of which the following paragraphs are material:

"1. Under the provisions of the seventh paragraph of the will, the said Abbot Allen and Herbert F. Allen, and the survivor of them, are made trustees of the residue of the testator's property after the payment by the executors of his ordinary debts, his funeral expenses and last sickness, proper charges for administration and the distribution of legacies; and the period for which the trust shall continue and the objects and terms of the trust are fully set forth in that paragraph. Questions as to whether any particular indebtedness should be paid by the executors or reserved for payment by the trustees are proper subjects for future determination.

"2. Subject to the rights of the executors as such, and of the said trustees, during the continuance of the trust set forth in said seventh paragraph, the legal title to the testator's residuary estate in the proportions named in that paragraph is in his children Abbot Allen, Herbert F. Allen, and Edith L. Horton, together with the trustees whom the testator has appointed by the ninth paragraph for William H. Allen.

"3. In order to settle the estate of the deceased, the said two petitioners with William H. Allen, as executors, have the same right and title in the property as is ordinarily given by law to executors.

"4. The three individuals who are named as executors have been given authority, by paragraph eight of the will, to mortgage, sell and convey the residue or any part of the same at any time before the expiration of the ten year trust, and they have further power to pay off incumbrances and to invest and to hold the proceeds during such period, accounting to the two trustees Abbot and Herbert F. Allen or the survivor of them for any net income. Such authority to sell and make valid conveyances and to mortgage and extend existing mortgages may be exercised from time to time by all of the three persons named as executors or by any two of them.

"5. The three sons named as executors, manifestly are given by the eighth paragraph of the will, certain duties and responsibilities to perform beyond their duties as executors, regarding any proceeds which they may receive from the exercise of their power of sale and to mortgage, which duties and responsibilities seem to constitute a further trust; but the exigency has not yet arisen wherein they are entitled to the particular instructions of the court upon question numbered five.

"6. Under the seventh and eighth clauses of said will the son, William H. Allen, is entitled to twelve dollars per week from the testator's death until the time he has named for the distribution of the residue of his estate, after which the said William will be entitled to the net income of the two tenths which the trustees named in the ninth paragraph are to hold for him during his life, subject to the authority given in said paragraph to said trustees to withhold or expend both income and principal as therein set forth.

"7. By the seventh and eighth paragraphs of the will no duties are imposed upon the son William H. Allen, excepting his duty as executor under the will and whatever duty has been given him under said eighth paragraph as one of a majority of the three empowered to mortgage, extend and substitute mortgages and to sell and convey any of the residue of the testator's property, and as one of the three to hold, invest, account for and apply the proceeds thereof in the manner set forth. Also as one of a majority of the three he may approve of such necessary improvements as said trustees under the seventh paragraph may desire to make.

"8. So far as is necessary to consider at the present time the

title to the testator's residuary estate is already hereinbefore explained.

"9. The persons who constitute 'a majority of my executors' are all or any two of the three sons Abbot Allen, Herbert F. Allen and William H. Allen.

"10. The executors of the will should proceed to settle the estate in the usual manner of executors and whenever they are ready to transfer any balance in their possession as such executors they will then be entitled to ask for the instructions of the court upon questions connected therewith."

The judge also made a decree on the petition for the appointment of trustees, appointing Abbot Allen and Herbert F. Allen trustees under the will. William H. Allen (called William H. Allen, Jr., in the will) appealed from both decrees.

The appeals were heard together by *Hammond*, J., who reserved and reported them to the full court for determination.

*J. E. Reagan*, for the respondent William H. Allen.

*E. H. Abbot, Jr.*, for the respondent Edith L. Horton.

*H. I. Cummings*, for Abbot and Herbert F. Allen, executors and trustees.

DE COURCY, J. These are appeals from two decrees of the Probate Court, one entered on a petition for instructions under the will of William H. Allen, late of Arlington, deceased, and the other on an application for appointment of trustees under said will. William H. Allen died December 12, 1910. His sons, Abbot Allen, William H. Allen and Herbert F. Allen, duly qualified as executors on September 15, 1911, and since have continued to act as such. From the report of the single justice it appears that it now is necessary to pay or renew notes aggregating about $60,000, secured by mortgages on the real estate; that it is expedient that certain property in which the testator had an interest should be sold; and that there is need of extensive repairs and improvements on the greenhouses and other buildings.

Considering first the petition for instructions: The objections assigned by the appellant as his reasons of appeal relate mainly to the seventh and eighth paragraphs of the will. The three sons were named as executors. In addition to the title in the personal property and the powers ordinarily given by law to executors, the will gives special power and authority to these three during the

existence of the ten year trust period hereinafter mentioned. Among other things, it is provided by the eighth paragraph that a majority of them may sell any or all of the residue, and may place mortgages on the property in substitution of existing ones; and that the proceeds of such sales may be used to pay off incumbrances on the property or may be invested by them. The instructions of the Probate Court as to the powers and duties of the executors plainly were correct. And the judge rightly declined to instruct them at this time as to the disposition to be made of any balance that may be left in their hands, as executors, after the ordinary settlement of the estate. If they should have such balance when their accounts are allowed, and any question should arise in connection with its transfer, application then may be made to the court for instructions thereon. *Muldoon* v. *Muldoon,* 133 Mass. 111. *Hall* v. *Cogswell,* 183 Mass. 521.

Under the seventh paragraph of the will, the testator gave to his sons Abbot Allen and Herbert F. Allen the management and control of the residue of his estate for the period of ten years, or until the death of the survivor within that period. The will fully sets forth their powers and duties with reference to the management of the residuary estate, and the application of the income. As all parties in interest agree, a trust is thereby created, even though the word "trust" is not used. *Sawyer* v. *Cook,* 188 Mass. 163. The main contention of the appellant is that he should be deemed a co-trustee by construing together the seventh and eighth paragraphs of the will and reading his name into the seventh; but this is untenable. The seventh paragraph deals specifically with the powers of the executors. In the eighth the testator provides that his sons Abbot and Herbert F. shall carry on the farming business upon his estate, and he defines their duties. An annual compensation is expressly provided for them in the sum of $2,500 and $2,000 respectively, and the use, free of rent, of the houses they occupy, while only an allowance of $12 a week is made in favor of the appellant William H. Allen. He has a voice in the approval of necessary improvements made from the income, but only as one of the three executors. Even the two tenths share of the residue which is devised to him at the expiration of the trust period is to be held by his brothers in trust for his benefit, as set forth in the ninth paragraph of the will.

Accordingly it was proper that Abbot Allen and Herbert Allen should be appointed by the Probate Court as trustees under the seventh paragraph. As all the parties were represented before the court on the petition for instructions and the appointment of trustees necessarily followed from the decree on that petition, no further notice of the petition for their appointment as trustees was necessary or customary. It may be added that no power of sale is given to the trustees; and that the fee is not devised to them, nor to the executors under paragraph eight, but is vested in the children in accordance with the provisions of paragraph seven, and, as to the two tenths share of William H., with those of paragraph nine. In short, the decree of the Probate Court on each petition was correct; and in each case the entry must be

*Decree affirmed.*