ROBERT W. HILL & others *vs.* JOHN F. MOORS & others.

Essex.　March 8, 1916. — May 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, & CROSBY, JJ.

*Equity Jurisdiction,* Ratification of acts of trustee, Bill for instructions. *Trust. Jurisdiction. Equity Pleading and Practice,* Appeal.

A suit in equity cannot be maintained by a trustee to establish the validity of the titles to certain parcels of real estate conveyed by him to various persons who are not parties to the suit, and to have the deeds which he gave as trustee and his acts as trustee ratified and confirmed.

A trustee cannot maintain a bill in equity for instructions upon a question relating to the past administration of his trust.

The consent of the parties to a suit in equity cannot confer jurisdiction of the subject matter of the suit upon the court, where it otherwise does not exist.

The question, whether a court has jurisdiction to entertain a suit in equity, will be considered by the court on its own motion although it was not raised by any party to the suit.

CROSBY, J. This is a suit in equity brought by the plaintiffs as trustees of the Salem Rebuilding Trust against certain persons described as members of the Salem Fire Relief Committee and the Attorney General of the Commonwealth.

The matters to which this proceeding relates arise on account of the great fire in Salem, which occurred in June, 1914. Immediately after the fire, committees were organized and large sums of money were promptly raised by voluntary subscription from a large number of people for the relief of the sufferers. The Legislature of the Commonwealth appropriated $100,000 for the same purpose, and $200,000 were appropriated by Congress for emergency relief. The total amount raised, including about $630,000 obtained by the voluntary subscriptions, amounted approximately to $1,000,000.

The suit was referred to a master who found that "two committees were promptly formed by the Governor, one for the purpose of raising funds, and the other for the purpose of dispensing the same." The money, in most instances, was contributed without any limitation being imposed by the donors upon its expenditure. The defendant, John F. Moors, was chairman of the committee

in charge of the disbursement of the funds. Several sub-committees were constituted, including a rebuilding committee which was organized for the purpose of aiding worthy individuals in the rebuilding of their homes, and the sum of $100,000 was appropriated by the Salem Relief Committee for that purpose. It was voted by the committee "That the Rebuilding Committee be authorized and requested to organize a voluntary real estate trust or corporation, as they deem best, for the purpose of conducting the work for which they were appointed." In compliance with this vote the Salem Rebuilding Trust was organized. The plaintiffs were constituted the trustees thereof, and the sum of $100,000 was paid over to them by the relief committee. The trustees thereupon executed a declaration of trust which was duly recorded in the registry of deeds and recited in detail the purposes for which the amount received and any other contributions were to be held and expended.

The bill alleges that the plaintiffs, as trustees of the Salem Rebuilding Trust, acting in conformity with the terms of the declaration of trust, have "administered the said trust fund of $100,000, first — encouraging the building of homes by persons burnt out in the fire, designed for wage-earners, by loaning sums of money on second mortgages, in excess of amounts obtained from savings banks on first mortgages; and, second, by the purchase of land and the construction thereon of modern houses at minimum cost, either to rent at very reasonable rates, or to sell such houses to persons whose homes were destroyed by the fire." The prayer of the bill is, "In order that there may be no question as to validity of titles of real estate already conveyed to and by the plaintiffs as said trustees of the Salem Rebuilding Trust and of such other titles as may be hereafter conveyed to and by themselves and their successors as such trustees, the plaintiffs do now respectfully pray that this honorable court will ratify and confirm the said transfer of $100,000, from the Salem Fire Relief Committee to the plaintiffs, the said declaration of trust and the acts of the plaintiffs under the terms thereof, and to declare the same to be hereafter in all respects as valid as if the same had been originally approved by this honorable court."

This is not a suit in equity brought by trustees who seek instructions as to their duties, but having fully discharged the obli-

gations imposed upon them by the trust in the manner set forth in the bill and found by the master, they ask this court to ratify and confirm the transfer of the $100,000 from the Fire Relief Committee to them, and to declare valid the acts performed by them under the declaration of trust.

There can be no doubt of the general authority of a court of chancery to assume jurisdiction of cases in which trustees seek the instruction and desire the protection of the court in the performance of their duties. In cases of doubt as to what the law is and what their conduct ought to be under it, they are entitled to instruction and direction from the court. The authority of a trustee, however, to ask a court of equity for instructions as to his duties has always been confined to somewhat definite limits.

It was said in *Bullard* v. *Attorney General*, 153 Mass. 249, at page 250, "The principal requisites for a bill for instructions have often been said to be the possession of a fiduciary fund of which some disposition is necessarily to be made presently; conflicting claims, or the probability thereof; and the existence of no other means of determining rights or demands so as to protect a trustee from the risks of future liability or controversy."

It has accordingly been held by this court that trustees under a will are not entitled to instructions as to the management of a trust concerning a fund which has not come into the hands or possession of the trustees, nor with reference to questions relating to the administration of a trust where the trustees were authorized to exercise their discretion with reference thereto. *Proctor* v. *Heyer*, 122 Mass. 525. The right of a petitioner to instructions is confined to the discharge of his present duties; therefore, where the rights of persons in the trust estate are contingent upon the happening of events which have not occurred, instructions will not be given. *Hall* v. *Cogswell*, 183 Mass. 521.

Unless a petitioner for instructions has real and serious doubts as to his duty, and the advice of the court is required for his protection and the discharge of his trust, the court is without jurisdiction to entertain such a petition. The right to instructions does not extend to the determination of questions which do not require any action by the trustee, or which should properly be submitted to some other tribunal, or where events which must control the rights of the parties and the duties of the trustee have not tran-

spired.  *Treadwell* v. *Salisbury Manuf. Co.* 7 Gray, 393.  *Bullard* v. *Chandler,* 149 Mass. 532.  *Bullard* v. *Attorney General, supra.* *Austin* v. *Bailey,* 163 Mass. 270.  *Hall* v. *Cogswell, supra.*  A trustee cannot maintain a bill in equity for instructions upon a question relating to the past administration of his trust.  *Sohier* v. *Burr,* 127 Mass. 221.

Applying these well settled principles to the case at bar, it is plain that this court is without jurisdiction to entertain the bill. The plaintiffs do not seek the instructions of this court as to their duties in the administration of the trust, but allege in substance that they have fully performed their obligations thereunder and ask that the action taken by them be ratified and confirmed.  One of the objects sought to be accomplished by the bill is to establish the validity of the titles to real estate conveyed to and by the plaintiffs as trustees, by procuring from this court a decree declaring valid the transfer to the petitioners and the application of the $100,000.  The origin of this fund does not appear on the record and hence could not be passed on.  It is manifest, for the reasons already stated, that the bill cannot be maintained for that purpose;  besides, it is apparent that many parcels of real estate, the title to which would be involved, are owned by different persons who are not parties to the bill.

Although no question of jurisdiction has been raised by the defendants and they have appeared and answered to the merits, still it is the duty of the court to consider the question of its own motion;  even the consent of the parties cannot confer jurisdiction.

In conformity with a rule of practice well established and constantly adhered to, it is the duty of the court, under such circumstances, to dismiss the action.  *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462.  *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 549.

It follows that the decree * must be reversed and a decree entered dismissing the bill.

*So ordered.*

*E. J. Carney,* for the defendants.
*A. P. White,* for the plaintiffs.

---

* This decree, entered by order of *Pierce,* J., "ordered, adjudged, and decreed that the . . . report [of the master] be confirmed, and that the transfer of the sum of $100,000 by the Salem Fire Relief Committee to the

plaintiffs as trustees of the Salem Rebuilding Trust be ratified and confirmed, that the declaration of trust executed by the plaintiffs . . . be amended . . . [in certain particulars] . . .; that said declaration of trust as thus amended and the acts of the plaintiffs as trustees under the terms thereof be ratified and confirmed, and be and remain in all respects as valid as if the same had been originally approved by this court."