JOSEPH D. JEWETT, executor, *vs.* JOHN B. TURNER, executor, & another.

Hampden.    September 27, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Declination of Appointment as Executor — Petition for leave to retract, and for Appointment as Co-executor.*

J., one of two executors named in the will of T., declined appointment in January. In February, T., the other executor, filed a petition for the probate of the will and for letters testamentary. On March 8 the will was proved, and letters were granted to T. An appeal was taken, and on June 11 the decree of the Probate Court was affirmed. On July 1, J. filed a petition for leave to withdraw his renunciation and to be appointed executor jointly with T. On July 2, T. filed his bond and took out letters. On July 29 the Probate Court made a decree that letters testamentary should issue to J. as co-executor with T. *Held,* that after June 11 it was too late for J.'s petition to be entertained, supposing that further proceeding upon it would not have been cut off on July 2 by T.'s receipt of his letters after giving bond.

APPEAL, by John B. Turner, executor of the will of William W. Thayer and Henrietta B. Thayer, widow of William, from a decree of the Probate Court appointing Joseph D. Jewett co-

executor with Turner of said will. Hearing before *Knowlton*, J., who, deeming the questions of law doubtful, reported the case for the consideration of the full court. The facts appear in the opinion.

The case was argued at the bar in September, 1898, and afterwards was submitted on briefs to all the justices.

*J. L. Rice*, for the petitioner.

*W. S. Robinson*, for the respondent.

HOLMES, J. Jewett, one of two executors named in the will of Thayer, declined appointment in January, 1897. In February, Turner, the other executor, filed a petition for probate of the will and for letters testamentary. On March 8, 1897, the will was proved, and letters were granted to Turner. An appeal was taken, and on June 11 the decree of the Probate Court was affirmed. On July 1, 1897, Jewett filed a petition asking leave to withdraw his renunciation, and to be appointed executor jointly with Turner. On July 2, Turner filed his bond and took out his letters. On July 29, 1897, the Probate Court made a decree that letters testamentary should issue to Jewett as co-executor with Turner. This decree was appealed from, and the question whether it was within the power of the Probate Court to make is before us by report.

We are of opinion that after letters of administration have been granted, while the decree which granted them stands, the power of the Probate Court is exhausted. When one of two persons named as executors refuses to accept the trust, the court is required to grant letters to the other, if he is willing to accept. Pub. Sts. c. 129, § 3. By Pub. Sts. c. 130, § 6, under certain circumstances, " before letters of administration with the will annexed have been granted, the court may grant letters testamentary," etc. This implies that the power is exhausted when letters have been granted, and the question is narrowed to fixing the point of time when the grant shall be deemed complete for this purpose. This question would not be illuminated by lengthy discussion. We appreciate what can be said in favor of regarding the proceedings as open at least until a bond has been filed, but we think that convenience on the whole is in favor of the moment when the decree is passed. It follows that after June 11 it was too late for Jewett's petition to be entertained,

supposing that further proceeding upon it would not have been cut off on July 2 by Turner's receipt of his letters after giving bond.                                                           *Decree reversed.*