CHARLES F. COGSWELL, executor, *vs.* NEWBERT J. HALL
& another.

Norfolk.    April 2, 1903. — June 18, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Decree. *Executor.*

A decree of a single justice of this court affirming a decree of the Probate Court,
plainly identified, appointing one of two executors named in a will, is not affected
by an erroneous recital that the decree affirmed appointed both of the executors
named.

A decree of the Probate Court under Pub. Sts. c. 129, § 3, (R. L. c. 136, § 5,) ap-
pointing one of two executors named in a will, the other refusing to accept the
trust, exhausts the jurisdiction of the court in the matter, and it cannot, while
the decree stands, entertain a petition to appoint the other person named in the
will as co-executor.

One who is plaintiff in a pending action to recover a large sum of money from an
executor on a claim against the testator's estate is an improper person to be ap-
pointed a co-executor of that estate.

KNOWLTON, C. J.    Hannah Etta Cogswell, the testatrix, died
leaving a will in which she named Charles F. Cogswell and
Newbert J. Hall as executors.    Hall filed a petition for the pro-
bate of the will in the Probate Court for the county of Norfolk,
and in the petition stated that he was one of the persons named
in the will as executors.    After notice to all persons interested,
the will was proved and allowed, and letters testamentary were
issued to him.    Charles F. Cogswell took an appeal from this
decision, and the decree of the Probate Court was afterwards
affirmed by the Supreme Judicial Court, which entered a decree
as follows: " This case came on to be heard, and thereupon,
the appeal having been waived, upon consideration thereof and
upon the evidence presented, it is ordered, adjudged and de-
creed that the decree of the Probate Court appealed from
dated July 25th, A. D. 1900, allowing the will of Hannah Etta
Cogswell, deceased, as and for her last will and testament, and
appointing said Charles F. Cogswell and said Newbert J. Hall
executors thereof, be and the same hereby is affirmed and the

case remitted to said Probate Court for further proceedings." There was a misrecital of the contents of the decree of the Probate Court in reference to the appointment of the executor, but the decree was plainly identified, and it was affirmed, and thereby Newbert J. Hall was appointed executor of the will by a final decree of the Supreme Judicial Court. Afterwards, upon a motion of Hall to modify the decree and correct the error, the decree was modified by striking out the words, "said Charles F. Cogswell and " after the word " appointing." Then follows this language: " It is further ordered that the said Charles F. Cogswell have leave to apply to the Probate Court by petition to be appointed co-executor with Newbert J. Hall of the will of Hannah Etta Cogswell." ·This sentence did not change the legal rights of the parties. It simply indicated that the justice who made the decree containing the misrecital, and who corrected the error, did not wish his decree to be considered as a decision upon the merits against an application of Cogswell to be appointed executor. After the original final decree, which, notwithstanding its misrecital, plainly determined the rights of the parties, the court had no further jurisdiction of the case except to correct the clerical error which misdescribed the decree, and it could not proceed to any new adjudication. When the decree of the Supreme Judicial Court was entered, and before it was modified, Hall became sole executor. Cogswell might apply to the Probate Court to be appointed co-executor with or without the leave mentioned in the sentence above quoted. He subsequently made his application, and it must be considered under the rules of law applicable to the conditions then existing. These are the same as appear in *Jewett* v. *Turner*, 172 Mass. 496, in which it was held that after a decree granting letters of administration, while the decree which granted them stands, all power of the Probate Court to appoint an administrator is exhausted. That case is decisive of the present one.

There is an independent ground for denying the petition of Cogswell to be appointed co-executor. Since this case was heard before a single justice he has brought an action against Hall as executor, in which he seeks to recover the sum of $13,000 from the estate. He cannot be at the same time both plaintiff and defendant in the same action, and so long as he is

trying to enforce a claim against the estate in a court of common law, he is an improper person to be appointed to represent the estate as executor. *Drake* v. *Green,* 10 Allen, 124, 126.

*Decree of Probate Court reversed.*

*J. W. Pettingill & M. Coggan,* for the appellants.

*E. C. Bumpus, F. E. H. Gary & J. B. Sullivan, Jr.,* for the appellee.