HELEN R. ROBINSON *vs.* CHARLES F. COGSWELL & another.

CHARLES F. COGSWELL *vs.* NEWBERT J. HALL & others.

GEORGE D. BURRAGE, administrator, *vs.* CHARLES F. COGSWELL & another.

Norfolk.   March 20, 21, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Executor and Administrator. Probate Court. Equity Jurisdiction,* Bill for instructions, To enforce trust. *Trust.*

A bequest to a sister of the testatrix of " all moneys or estate that may be recovered " in a certain action named is a specific legacy, and under R. L. c. 135, §§ 26, 27, the proceeds of the judgment obtained by the executor in the action are to be paid in full to the legatee without being diminished by contribution for

the payment of debts if there is property devised generally sufficient for the payment of the debts.

Where it is necessary for an executor or administrator to sell real estate to pay debts and charges of administration a mortgage on a part of the real estate securing a note barred by the special statute of limitations is not a debt of the estate to be paid by the executor or administrator, but is an incumbrance upon the real estate subject to which the property will be sold if the executor or administrator sells the mortgaged portion of the real estate.

On a bill in equity by an executor for instructions as to which of the parcels of real estate of the testator he shall sell first to pay debts and charges of administration and which parcel he shall sell next if another sale becomes necessary, all the parties interested joining in the prayer for instructions, it was *held,* that, although under R. L. c. 146, §§ 6-8, the power to authorize such a sale is in the Probate Court and this court cannot direct or control the action of the Probate Court in the matter, this court will instruct the executor how he should make his application to the Probate Court, leaving that court to deal with it when made.

Where a testatrix devises all of her real estate to her son and her brother " their heirs and assigns in fee simple " and then makes numerous provisions as to the management and disposition of the real estate and as to payments to be made from the proceeds of it, although neither the word " trust " nor the word " trustee " is used, a trust is created, and the devisees hold the legal title to the property in trust to manage and finally dispose of it according to the directions in the will.

A testatrix devised all her real estate to her son and her brother in trust, and provided that two adjoining dwelling houses built by her should not be sold until the expiration of five years after her death, that one of the two houses with the furniture therein should " be used, occupied and enjoyed as and for a home " for her son, her brother, a sister and a son of the sister, and " that, whenever said dwelling shall be sold, that out of the proceeds of such sale " her son *should be paid out of her estate the sum of $6,000, and directed " that the balance of the money or estate remaining from the sale of said dwelling houses "* should be invested in suitable and profitable real estate in Brookline or Boston. She directed that her son should pay to her brother during his natural life one third of the net income of certain other real estate owned by her. The administrator *de bonis non* of the estate with the will annexed brought a bill for instructions, all the parties interested joining in the prayer, as to which of the parcels of real estate the plaintiff should sell first to pay debts and charges of administration and which parcel he should sell next if another sale became necessary. It appeared that more than five years had elapsed since the death of the testatrix, and that controversies existed among the beneficiaries so that it was impossible for them to occupy together the designated one of the two adjoining houses in the manner contemplated by the testatrix. *Held,* that in applying to the Probate Court under R. L. c. 146, §§ 6-8, for a license to sell real estate the plaintiff should ask for leave to sell the one of the two adjoining houses which was intended for occupation for five years by the beneficiaries, and also for leave to sell the adjoining house if the proceeds from the sale of the first house would not be sufficient, after paying $6,000 to the son of the testatrix, to pay the debts and charges of administration of the estate. The court, being unable to determine from the facts appearing of record whether the interests of the beneficiaries better would be promoted by selling both of the adjoining houses at the same time, or by selling first the one indicated if the sale of that one was likely to be

sufficient, instructed the plaintiff that he might make his application in either form as seemed to him best.

A testatrix devised all her real estate to her son and her brother in trust, and directed them to " see to it " that her sister named " be suitably and comfortably maintained during her natural life." *Held*, that the sister of the testatrix was entitled to enforce this trust by a suit in equity against the son and brother of the testatrix, and that if the defendants failed to provide such maintenance the plaintiff could have the trust administered by others in their stead.

THREE BILLS IN EQUITY, filed in the Supreme Judicial Court respectively on July 10, July 27 and August 3, 1905, the first by Helen R. Robinson against Charles F. Cogswell and Newbert J. Hall to compel them to provide a suitable and comfortable maintenance for the plaintiff as required by the will of Hannah Etta Cogswell, late of Brookline; the second by Charles F. Cogswell against Newbert J. Hall and others, praying that the plaintiff and the defendant Hall might be ordered to sell the real estate numbered 9 and 11 on Centre Street in Brookline as directed by the will of Hannah Etta Cogswell and from the proceeds pay the plaintiff at once $6,000 and damages for its detention; and the third by George D. Burrage, as administrator *de bonis non* with the will annexed of the estate of Hannah Etta Cogswell, for a marshalling of the assets of the estate, and for instructions.

The will of Hannah Etta Cogswell was dated January 11, 1900. The testatrix died on March 5, 1900, and the will was admitted to probate on July 25, 1900.

The material portion of the will was as follows:

" I give and bequeath unto my sister, Helen R. Robinson, all my clothing and wearing apparel, and also all moneys or estate that may be recovered in the action of law of myself against one Francis Fisher Robinson and one Charles C. Morgan, named as trustee in said action entered in the Superior Court, Civil Business, for Suffolk County, in the present January entries. Item. I give and bequeath unto the said Dr. Charles F. Cogswell and the said Dr. Newbert J. Hall, their heirs and assigns in fee simple, all my real estate, wherever or however the same may be situated; but I limit and restrict the sale and conveyance and transfer of the dwelling houses numbered nine (9) and eleven (11) Centre street, in said Brookline, until the elapsing of five years after my decease; also that all the furni-

ture in dwelling No. 9 shall go with the said dwelling in the bequest; also that the dwelling numbered nine (9), together with the furniture therein shall be used, occupied and enjoyed as and for a home for said Dr. Charles F. Cogswell, Dr. Newbert J. Hall, Helen R. Robinson and her son, John Brooks Robinson, so long as said Dr. Cogswell and Dr. Hall shall own the same; also that whenever said dwelling shall be sold, that out of the proceeds of such sale the said Dr. Charles F. Cogswell shall be paid and receive from my estate or my said executors the sum of six thousand dollars, without limit, qualifications or restriction, as his sole and separate property, and direct and will that the balance of the money or estate remaining from the sale of said dwelling houses shall be invested in suitable and profitable real estate in said Brookline or in the City of Boston, in our County of Suffolk, and that such part or portion of the said real estate as may be fit and proper is to be had, used, occupied and enjoyed as and for a home, as and for said Dr. Cogswell, Dr. Hall, Helen R. Robinson and John Brooks Robinson. I also direct and will that the said Dr. Cogswell shall pay unto the said Dr. Hall during his natural life one-third of the net income of the premises now numbered 1356 on Beacon street, in said Brookline, and at this date occupied by one J. A. Purrington; and I also direct and request that the said Dr. Hall and the said Dr. Cogswell see to it that the said Helen R. Robinson be suitably and comfortably maintained during her natural life. And I also direct and will that upon the decease of either said Dr. Cogswell or Dr. Hall the whole of the remaining estate, either real, personal or mixed, then shall descend to the survivor of them, discharged of all limitation, conditions, restrictions, and free in full fee simple to the said survivor. Item. I hereby nominate and appoint the said Dr. Charles F. Cogswell and the said Dr. Newbert J. Hall to be the executors of this, my last will and testament, and request that no sureties be required upon their official bonds for the performance and discharge of their duties herein required, and also that no appraisal of my estate shall be made or be required, and that my said executors be exempt from returning any inventory or appraisal of my estate, or any part or portion thereof."

Helen R. Robinson was a sister of the testatrix, Newbert J.

Hall was a brother of the testatrix, and Charles F. Cogswell was the son and the only child of the testatrix. The other material facts are stated in the opinion.

The cases came on to be heard before *Braley,* J., who made an order that the three cases be consolidated, and reserved them upon the pleadings and the agreed facts for determination by the full court.

*G. D. Burrage,* for the administrator with the will annexed, *pro se.*

*H. E. Perkins,* (*W. M. Robinson* with him,) for Helen R. Robinson.

*E. C. Bumpus,* (*J. B. Sullivan, Jr. & F. E. H. Gary* with him,) for Charles F. Cogswell.

*H. P. Harriman,* for Newbert J. Hall.

KNOWLTON, C. J.     These three suits in equity were consolidated and heard together before a single justice, and reserved for the consideration of the full court.     The last of them, which we will consider first, is a bill by an administrator *de bonis non* with the will annexed of Hannah E. Cogswell, late of Brookline, deceased, asking for instructions in the settlement of her estate. It is necessary to sell real estate to pay debts and charges of administration, and the first question is whether the legacy to Helen R. Robinson, the sister of the testatrix, of " all moneys or estate that may be recovered in the action of law . . . against one Francis Fisher Robinson and one Charles C. Morgan, named as trustee in said action," which moneys amount to $984.60, collected by the plaintiff as the proceeds of the judgment obtained in the action, is to be paid in full to the legatee or to be diminished by way of contribution for the payment of debts.

We are of opinion that this was intended by the testatrix to be a specific legacy, and therefore not subject to be diminished by way of contribution so long as there is property devised generally sufficient for the payment of the debts. R. L. c. 135, §§ 26, 27. *Blaney* v. *Blaney,* 1. Cush. 107, 115. This sum, with any interest that has accrued thereon, should be paid to Helen R. Robinson.

Another question is whether the mortgage of $5,000, which is an incumbrance outstanding upon a part of the real estate, is a debt of the estate to be paid by the plaintiff. Upon the facts stated, this debt appears to be barred by the special statute of

limitations. It is therefore not a debt to be paid by the plaintiff, but is an incumbrance upon the real estate, subject to which the property will be sold if a sale of this lot is made by the plaintiff.

The question most discussed among the parties relates to the request for an instruction to the plaintiff as to which of the parcels of real estate he first shall sell or mortgage, and which of the parcels he thereafter shall sell or mortgage if it becomes necessary to sell a second parcel. The power to authorize such a sale of real estate resides in the Probate Court, under the R. L. c. 146, §§ 6–8. In a proceeding of this kind this court cannot direct or control the Probate Court in its action under these sections. All parties interested join in the prayer of the plaintiff for instructions on this point, and we think the court properly can instruct him as to his action in making an application to the Probate Court. The decision on his application will depend upon the view of that court, dealing with the case as it then is presented.

The testatrix made her son and her brother executors of her will. After providing for the payment of her debts and funeral expenses, and for the disposition and care of her cemetery lots, and after giving to her sister her wearing apparel and the specific legacy already referred to, she gave to her son Dr. Cogswell and her brother Dr. Hall, " their heirs and assigns in fee simple," all her real estate. She then made numerous provisions as to the management and disposition of it, and as to payments to be made from the proceeds of it. Although she did not use the word " trust " or " trustee," we think the effect of the will is to give to Dr. Cogswell and Dr. Hall the legal title to all this property, to be held in trust to manage and finally dispose of it according to the directions subsequently given in the will. In *Hall* v. *Cogswell*, 183 Mass. 521, 523, it is said that the clause giving Dr. Cogswell $6,000 out of the proceeds of the sale " creates a trust or a charge on these two houses."

The double dwelling house numbered 9 and 11 Centre Street, built by the testatrix, is treated by her in different particulars as one estate. She provides that it shall not be sold until the expiration of five years after her decease, and she refers to " the

balance of the money or estate remaining from the sale of said dwelling houses." In reference to the use to be made of them so long as they remain unsold she considers them separately. Number 9 is to "be used, occupied and enjoyed as and for a home for said Dr. Charles F. Cogswell, Dr. Newbert J. Hall, Helen R. Robinson and her son, John Brooks Robinson, so long as said Dr. Cogswell and Dr. Hall shall own the same." These persons are her son, her brother, her sister and her nephew. She evidently contemplated a use of the property by these relatives as members of one family, living harmoniously together. The property was to be "enjoyed" as a "home." For reasons which do not fully appear, these persons fell into controversy, and litigation has been going on among them ever since the death of the testatrix, which occurred more than six years ago. Three times before the present suits were brought this litigation has been before the full court. See *Hall* v. *Cogswell*, 183 Mass. 521; *Cogswell* v. *Hall*, 183 Mass. 575; *Cogswell* v. *Hall*, 185 Mass. 455. Dr. Cogswell ceased to occupy the house in July, 1900, and John Brooks Robinson gave up his residence there in 1905, and subsequently released and conveyed all his right, title and interest in the estate to Dr. Cogswell. The single justice found that, as long ago as July, 1900, the counsel of Dr. Hall addressed a letter to the counsel of Dr. Cogswell, telling him that Dr. Cogswell would be charged for lodging and care and attention in the house from the expiration of forty days after the death of the testatrix, and stating other things indicating an attitude of hostility in reference to the rights of the parties under the will. The judge also found that Dr. Cogswell left the premises and remained away in consequence of the letter and the strained relations which had arisen between the parties over the settlement of the estate. It is very plain that these beneficiaries cannot occupy and enjoy the house as a home in the way intended in the creation of this part of the trust. It is contemplated by the will that the trustees might sell the property at any time after the expiration of five years. We see nothing in the existing conditions which should make the plaintiff hesitate to apply for a license to sell this part of the house for payment of debts and charges of administration. No reason appears why the plaintiff should not apply for leave to sell the

other part of this double house for the same purpose, if, as seems likely, the sale of the first would not bring enough to pay debts and charges of administration. Even if it would bring enough, the sale of it would entitle Dr. Cogswell to receive $6,000 which was expected to come from the proceeds of the sale. If the use of these proceeds for the payment of debts would leave a sum insufficient to pay the $6,000, Dr. Cogswell might contend that the other part of the house would need to be sold to make up to him this sum. The fact that under the will he is entitled to receive $6,000 from the proceeds of this sale well may be considered by the plaintiff in determining whether to apply to the Probate Court for the sale of both parts of the house.

Under the trust one third of the net income of the premises on Beacon Street is to be paid to Dr. Hall during his natural life. This indicates an intention of the testatrix that this property should be held and used to produce income during the joint lives of Dr. Cogswell and Dr. Hall. While we have no doubt of the power of the Probate Court to authorize the sale of this property as well as the other if needed for the payment of debts, this provision, as well as the provision for the investment of the proceeds of the sale of the Centre Street houses in other real estate in Brookline or Boston during the lives of all these beneficiaries, shows an intention on the part of the testatrix that the property on Centre Street might be sold at any time after the expiration of five years, and that the property on Beacon Street should be held so long as Dr. Cogswell and Dr. Hall both live. We therefore instruct the plaintiff that it is his duty first to apply for leave to sell or mortgage the property on Centre Street.

It does not appear from the pleadings and agreed facts whether the interests of the beneficiaries will be promoted by selling both parts of the house on Centre Street at the same time, or by selling only one, provided a sale of one would enable the plaintiff to pay all debts and charges of administration. We therefore are unable to instruct the plaintiff on this point. We see no reason why he may not properly make his application in either form as seems to him best.

If there is any surplus in the plaintiff's hands after paying

debts and expenses out of the proceeds of the sale of real estate, he will of course hold it to be disposed of under the will. At this stage of the proceedings we cannot properly instruct him further on this point. How much he will hold, if anything, and what the conditions may be at that time, we do not know. The trust calls for the maintenance of Helen R. Robinson during her natural life. There is also a provision for an investment of proceeds in real estate to be occupied and enjoyed by the four beneficiaries as a home. Whether the conditions hereafter will be such that this part of the trust can be executed in accordance with the intention of the testatrix we cannot tell.

Upon the facts agreed, Helen R. Robinson, the plaintiff in the first case, is entitled to receive from this property such sum as is necessary to secure for her a suitable and comfortable maintenance during her natural life. It is the duty of the defendants Cogswell and Hall, as trustees holding the property, to provide this maintenance. If they fail to perform this duty the plaintiff can have the trust administered by others who will have regard to her rights. Her case will stand for hearing before a single justice upon an application for an amendment, or otherwise, as she shall be advised.

Upon the acts now appearing the court cannot decree relief to the plaintiff Cogswell in his suit against Hall and others. As it is likely that proceedings by the administrator to obtain money for the payment of debts will materially change the existing conditions, this case may stand for such action, if any, before a single justice as the rights of the parties demand.

*So ordered.*