FRANK M. COPELAND & another, administrators, *vs.* SARAH C. SHAPLEY.

Middlesex.    December 10, 1912. — February 27, 1913.

Present: HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Probate Court.   Executor and Administrator.*

Under R. L. c. 137, § 8, providing that, "If a sole or surviving executor or administrator dies, resigns or is removed before having fully administered an estate . . . the Probate Court shall grant letters of administration, with the will annexed, or otherwise as the case may require, to a suitable person to administer the goods and estate of the deceased not already administered," the Probate Court may appoint more than one such administrator of a single estate if it deems such action proper.

On an appeal from a decree of the Probate Court, made after the death of the executor of a will, appointing two persons as administrators with the will annexed of the estate not already administered, the Supreme Judicial Court has power, not only to reverse the decree so far as it relates to the appointment of one of the persons and to confirm it as to the other, but also to remand the case to the Probate Court for the appointment of some person in the place of the one whose appointment was reversed.

APPEAL from a decree of the Probate Court for the County of Middlesex appointing Frank M. Copeland and Frank H. Stevens administrators with the will annexed of the estate not already administered of George H. Shapley, late of Newton.

Upon the proof of the will of George H. Shapley, Charles H. Shapley was appointed executor and died without having fully performed his duties. Thereupon, Frank M. Copeland, Esquire, who had been counsel for the executor during his lifetime and was counsel for his estate, petitioned for his own appointment as administrator with the will annexed of the estate not already

administered of George H. Shapley. The petition was heard by *McIntire,* J., and was opposed by the widow of the deceased, Sarah C. Shapley. The judge appointed Mr. Copeland and Frank H. Stevens, Esquire, as co-administrators, and the widow appealed.

The case was heard on appeal by *Braley,* J., and a decree was entered, which, after reciting the facts as to Mr. Copeland's having been counsel for the executor and being counsel for his estate and being "interested in the allowance of" the accounts of the executor, reversed so much of the decree of the Probate Court as related to the appointment of Mr. Copeland and "confirmed" so much of it as related to the appointment of Mr. Stevens, and remanded the case "to the Probate Court for further proceedings, with authority to said Probate Court to appoint an administrator . . . in the place of said Frank M. Copeland."

The widow appealed.

No evidence was reported.

*M. Coggan,* for the widow.

*F. M. Copeland,* for the heirs of George H. Shapley.

*F. H. Stevens, pro se.*

HAMMOND, J. It must be assumed in the absence of the evidence upon which the single justice acted that Frank H. Stevens is a proper person to act as administrator *de bonis non.*

It is urged by the appellant that under the statute (R. L. c. 137, § 8) only one administrator *de bonis non* may be appointed, but we think more than one may be appointed when such action is deemed proper by the court.

That part of the decree which remands the case to the Probate Court for the appointment of a person in the place of Copeland is within the power of the court. The case is plainly distinguishable from *Jewett* v. *Turner,* 172 Mass. 496, and *Cogswell* v. *Hall,* 183 Mass. 575, cited by the appellant. In each of these cases the power to appoint had been exhausted by a final decree. In the present case it is a part of the final decree that one shall be appointed.

*Decree affirmed.*