MINERVA GORDON & others *vs.* HAROLD B. GORDON & others.

Bristol.  October 25, 1954. — February 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trust,* What constitutes, Termination.  *Devise and Legacy,* Creation of trust.

Construing as a whole the will of a widow survived by five daughters and a son, a paragraph therein reading, "It is my wish that my home . . . remain intact and that any of my children be allowed to stay there whenever they wish and for this reason I devise said property and bequeath the . . . contents of the house . . . to . . . [one of the daughters] and my son . . . .  If at any time said . . . [son and daughter] shall decide to sell the home and live elsewhere, the home shall be sold and the proceeds divided equally among my children, in accordance with the terms of the residuary clause of this will.  In such event, the executors of my will are to divide the household effects among my children as equally as possible," created a trust of the home and of its contents and in effect designated the son and daughter as trustees for all the testatrix's children.  [195–196]

Findings showed that a trust upon which a testatrix devised her family home and bequeathed its contents to two of her six children in trust to keep the home "intact" for use by any of the children whenever they wished had become substantially impossible of fulfilment following her death by reason of disputes among the children over various matters culminating in a sharp cleavage and much bitterness among them, and made appropriate a decree ordering termination of the trust, notwithstanding a desire of the son to use the home as his residence.  [196–197]

PETITION, filed in the Probate Court for the county of Bristol on February 2, 1950.

The case was heard by *Fuller*, J.

*Lee M. Friedman,* for the petitioners.

*Beatrice H. Mullaney,* (*Stuart Macmillan & Lewis L. Wadsworth, Jr.,* with her,) for the respondent Harold B. Gordon.

WILKINS, J.  Yetta Gordon, of Attleboro, died on September 14, 1948, survived by five daughters and a son.  In

this petition, in part for a binding determination of rights under paragraph 8 of her will, the petitioners are four daughters: Minerva Gordon, Lillian G. Silverman, Sadye G. Freedman, and May C. Pite. The respondents are the son, Harold B. Gordon; a daughter, Sarah G. Lewitsky; Harold, Sarah, and Minerva as executors under the will; and Minerva and Harold described in the petition as trustees but not so named in the will.

Paragraph 8 reads: "It is my wish that my home in Attleboro remain intact and that any of my children be allowed to stay there whenever they wish and for this reason I devise said property and bequeath the entire contents of the house, except for the specific bequests herein mentioned, to my daughter, Minerva Gordon, and my son, Harold B. Gordon. If at any time said Minerva Gordon and Harold B. Gordon shall decide to sell the home and live elsewhere, the home shall be sold and the proceeds divided equally among my children, in accordance with the terms of the residuary clause of this will. In such event, the executors of my will are to divide the household effects among my children as equally as possible."

The residuary clause is in paragraph 9, and reads: "All the rest and residue of my estate of whatsoever nature and wherever located to which I am or will be legally or equitably entitled or over which I have or will have any power of appointment is to be divided equally among my children, Sadye G. Freedman, Minerva Gordon, Lillian Silverman, Sarah Lewitsky, May C. Pite, and Harold B. Gordon."

The decree of the Probate Court, so far as material, is: "The petitioner Minerva Gordon and the respondent Harold B. Gordon own the home in said Attleboro as tenants in common in fee simple for their own use, and own the contents of the house absolutely except such of the contents as are the matter of specific bequests; provided, however, that if they both shall decide at any time to sell the home and live elsewhere they shall divide the proceeds of such sale equally among Sadye G. Freedman, Minerva Gordon, Lillian G. Silverman, Sarah G. Lewitsky, May C.

Pite, and Harold B. Gordon, and in such case the executors of said will shall divide the said contents among the same persons as equally as possible." The petitioners and Harold appealed.

Before us, counsel agree that the proviso in the decree erroneously attempts to place a repugnant limitation upon an estate in fee simple and upon an absolute gift of personal property. The true ground of these harmonious contentions we understand to be a basic principle of property law (*Kent v. Morrison*, 153 Mass. 137, 139; *Langlois v. Langlois*, 326 Mass. 85, 87), and not the rule of construction in *Ide v. Ide*, 5 Mass. 500, *Kelley v. Meins*, 135 Mass. 231, and similar later cases which we have recently declined to follow. *Morris v. Smith, ante*, 34, 39. See *Frost v. Hunter*, 312 Mass. 16, 20–21.

We do not reach this question, because we are of opinion that in paragraph 8 the testatrix created a trust. Although that particular word does not appear, the existence of a trust does not depend upon the terminology used. *Robinson v. Cogswell*, 192 Mass. 79, 84. *Rugo v. Rugo*, 325 Mass. 612, 616. *Herman v. Edington*, 331 Mass. 310, 314. Restatement: Trusts, § 24. Scott, Trusts, § 24. And the failure to name a trustee is no valid objection. *Attorney General v. Bedard*, 218 Mass. 378, 386. *Sherwin v. Smith*, 282 Mass. 306. *Rugo v. Rugo, supra*, 616. Restatement: Trusts, § 33.

Construing the will as a whole, the intent of the testatrix is clear that her home should remain intact for the use of any of her children, but upon the happening of a condition should be sold and the proceeds and the contents divided equally among all six children. This equal division is at least as important as any other part of her expressed purpose. Indeed, it is a provision for the ultimate disposition of this portion of her estate, which is mandatory in terms and is reinforced by the reference to the residue which is likewise mandatory. In *Aldrich v. Aldrich*, 172 Mass. 101, an absolute gift to the wife was not followed by language making a gift among the children obligatory. Here, the

only language precatory in form is the testatrix's "wish" that the home "remain intact" so that the children might stay there whenever they "wish." Her full purpose would not be achieved with certainty by an outright gift to only two of the children. See *Proctor* v. *Proctor*, 141 Mass. 165, 169. We think that the whole of paragraph 8 is an operative disposition of property. See *Moseley* v. *Bolster*, 201 Mass. 135, 143–144; *Temple* v. *Russell*, 251 Mass. 231. The giving of legal title to two children as a means of achieving the intended result was, in effect, a designation of them as trustees. The petition in so describing them was proper.

The judge's finding that the testatrix "was familiar with the device of a trust, but did not feel the need of setting up a trust for the home and its contents" cannot overcome the effect of her actual language.

The next question is whether the purpose of the trust has failed, and in its consideration we turn to certain findings in the judge's report of material facts. The real estate had been the family home for years, and was devised to the testatrix by her husband, Joseph Gordon, who died in 1943. At the time of executing her will in 1946 and at the testatrix's death in 1948 all the children but Minerva and Harold were married. Harold married in 1949, but Minerva, a practising physician, who at times used a portion of the house as an office, is unmarried. When the testatrix died, Minerva and Harold were living in it. Harold ceased to live in it in the spring of 1949. Minerva has not lived there since September, 1950, but intended to return until July, 1951. Thereafter she decided that she wanted the place sold. Harold never made such a decision, and would like to have the house for a future residence. No child has lived there since the fall of 1950. Until after the death of the testatrix there was a strong feeling of family solidarity. The married daughters returned to the house on visits, and May lived in it for a time. After the death of the testatrix disputes arose over the administration of her estate and in connection with the business in which they were all interested under the will of Joseph Gordon and in which Harold

is engaged.  At a family meeting in June, 1949, there began a sharp cleavage with the petitioners on one side and Sarah and Harold on the other, which continues with much bitterness.

The mere statement of these findings shows that the maintenance of the home as a place for the children to stay has become substantially impossible of fulfilment.  We think that, as matter of interpretation, the testatrix's will did not contemplate the continuation of the trust of the family home as the exclusive residence of the son after an extensive quarrel among the children.  It is, accordingly, appropriate to order termination of the trust.  Restatement: Trusts, § 335.  Scott, Trusts, § 335.  See *Robinson* v. *Cogswell*, 192 Mass. 79; *Ames* v. *Hall*, 313 Mass. 33, 37.

The decree is reversed.  A new decree is to be entered declaring that the real and personal property which is the subject matter of paragraph 8 of the will of Yetta Gordon is held upon a trust which has become impossible of fulfilment, and ordering that the trust be terminated.  The case is to stand for further proceedings in the Probate Court in accordance with this opinion.  Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*